A record cannot be prima facie evidence, by which I understand that evidence which, until contradicted, proves the fact, but which may yet be contradicted. Wherever a record is admissible, the fact which it affirms cannot be contradicted. Where it affirms a factinter partes, and which of course they had the right to controvert, and which they did controvert or admit, then its affirmations are conclusive upon the parties and their privies. Where it affirms a fact where no one was a party, and, of course, no one had the right to controvert it, and no one, of course, did controvert it, then it is evidence of that fact, as well as to one person as another; that there are no parties or privies; it is not made upon the litigation or admission of any one; and proceedingsin rem are evidence against the whole world for the opposite reason, for, being parties, they either have or might have controverted. The record offered in this case is of that kind where no person was a (307) party; it was not made upon the litigation or admission of any person; its affirmations are, therefore, conclusive upon all — upon one as well as another. It is, therefore, necessary to ascertain what are its affirmations. It affirms that on the ___ Monday in November a court of pleas and quarter sessions was held at Winton, for the county of Hertford, and was opened by justices who are stated to have opened the court; it is also evidence that the various suits were tried or continued, and all the orders made, which appear upon the rolls or records of the court, and that the court adjourned from day to day; and that on Thursday the court met pursuant to adjournment, and at the meeting of the court the defendants were present, presiding as justices in the court; that the court on that day tried and continued the different suits mentioned in the proceedings, and made the different orders appearing upon the minutes, and among others the order committing the estate of the plaintiffs to the management of Gordon; all these facts stand upon the rolls, and no one can controvert them; that is, that these things were done. But what is to be inferred from these facts is a very different thing from making the record prima facie
evidence, and from determining, if an inference is to be drawn, whether the law will draw it or whether it is to be left to the jury to draw. If it isprima facie evidence, then the fact stands proven that the defendants were on the bench when the order complained of was made. Until they show the contrary, it throws the burthen of proof upon the defendants; whereas, if it is only *Page 140 
an inference of fact, it is left to the jury to say whether it is proven to their satisfaction that because the defendants were present when the court opened (which fact cannot be controverted by any one as long as it stands upon the record) that they were also present when the order was made — a thing very different from making it prima facie evidence. If this is matter of inference, all the doctrine of probabilities (308) is to be gone into by the jury, and they will determine according to the evidence of the common practice whether it is probable that they all were there, and if not all, who were; for in civil causes we are obliged to go upon probabilities to settle the right of the parties, and I am disposed to think that it is a presumption of fact, not of law; for it is not generally true that the ends of justice would be more often answered by drawing the conclusion as one of law that they were there than by leaving each case to be decided by the jury; for if made a presumption of law, the defendants would not be permitted to prove that they were not there. I think, therefore, the judge erred in telling the jury that the record was prima facie evidence of the fact that the defendants were on the bench when the order was made, and thereby threw on the defendants the necessity of offering opposing evidence; but, in the absence of all other evidence as to the point, he should have informed the jury that the record only affirmed that the defendants were present when the court was opened; that whether they would infer therefrom that they were also present when the order was made was a fact on which they would decide; that the law did not draw the inference one way or the other, and which indeed would be more emphatically expressed by the phrase, leaving it to them. The effect of the clerk's having stated on the record that they were present, if he had made such entry, not being required by law to do so, it is unnecessary to examine, for in fact he has not made such statement.
PER CURIAM. New trial.
Cited: S. v. King, 27 N.C. 207; Link v. Brooks, 61 N.C. 500.
(309)